UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LISA HELEN STORY,                                    Case No. 3:15-cv-0194-AC

             Plaintiff,                              OPINION AND ORDER

      v.

MIDLAND FUNDING LLC AKA
MIDLAND FUNDING NCC-2 CORP.,
MIDLAND CREDIT MANAGEMENT
INC., and SUTTELL, HAMMER &
WHITE, P.S.,

             Defendants.

_____

ACOSTA, Magistrate Judge:

*Introduction*

    Plaintiff Lisa Helen Story ("Story") brings this action against defendants Midland Funding,

LLC, and Midland Credit Management, Inc. (collectively, "Defendants"), alleging violations of the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.SC. § 1692–1692p.[1] Story claims multiple

violations of the FDCPA, arising from Defendants' efforts to collect on a credit-card account.

Presently before the court is Story's motion to file an amended complaint. (ECF No. 43.) Story

moves to add claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and

the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x. Story's motion to file an

amended complaint is granted.

### Preliminary Procedural Matter

Story moves to amend her complaint under Federal Rule of Civil Procedure ("Rule") 15(a).

The court-ordered deadline for filing amended pleadings passed several months ago. Filing a motion

after a court-ordered deadline requires modification of the scheduling order. *Coleman v. Quaker*

*Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Accordingly, Story's motion must first meet the

good-cause standard for modification of a scheduling order, as required by Rule 16(b). *Id.* Story

never formally moved to modify the scheduling order, though she addressed the Rule 16 standard

in her reply. In the interest of efficiently resolving the issues, the court will exercise its discretion

to treat Story's motion to amend her complaint as an implicit motion to modify the scheduling order.

### Procedural Background

Story filed her complaint in February 2015. During the Rule 16 conference on May 28, 2015,

the court issued multiple case-management orders. The court set October 23, 2015 as the deadline

for filing amended pleadings. The parties requested, and the court granted, multiple motions to

extend the deadlines for discovery and dispositive motions. Neither party requested an extension

---

[1] Former defendant Suttell, Hammer & White, P.S. ("Suttell") is no longer a party to the
case.

of the deadline for filing amended pleadings.  The deadline for filing amended pleadings remains

October 23, 2015.

*Standard*

## I.  Federal Rule of Civil Procedure 16

Rule 15(a) generally allows for liberal amendment to the pleadings.  Where the court-ordered

deadline for amending pleadings has passed, Rule 16(b) governs a party's ability to file amended

pleadings. *Johnson v. Mammoth Recreations, Inc*, 975 F.2d 604, 607–08 (9th Cir. 1992).  A party

who seeks to file amended pleadings after the court-ordered deadline passes must show good cause

for modifying the court's scheduling order.   FED. R. CIV. P. 16(b)(4) (2016) (requiring good cause

and the judge's consent).  In contrast to Rule 15(a)'s liberal preference for amendment, the Rule 16

inquiry focuses on the diligence of the party seeking to modify the scheduling order. *Johnson*, 975

F.2d at 609; *see also Coleman*, 232 F.3d at 1294.  If the moving party was not diligent, the inquiry

should end. *Johnson*, 975 F.2d at 609.  Local Rule of Civil Procedure ("Local Rule") 16–3 further

requires a party seeking to modify a scheduling order to: "(1) Show good cause why the deadlines

should be modified.  (2) Show effective prior use of time.  (3) Recommend a new date for the

deadline in question.  (4) Show the impact of the proposed extension on other existing deadlines,

settings, or schedules." LR 16–3.

## II.  Federal Rule of Civil Procedure 15

Under Rule 15(a), leave to amend "shall be freely given when justice so requires."  FED. R.

CIV. P. 15(a).  Courts should grant leave to amend with "extreme liberality." *Eminence Capital, LLC*

*v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The court may deny leave to amend "where

the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946,

951 (9th Cir. 2006), quoting *Bowles v. Reade*, 198 F.3d 752, 757–58 (9th Cir. 1999).

*Analysis*

Story moves to file an amended complaint, pursuant to Rule 15(a).  Defendants oppose

Story's motion as untimely, prejudicial, futile, and non-compliant with this court's local rules.  In

reply, Story contends she has good cause for filing a motion to amend after the amended pleadings

deadline, she complied with local rules, and her proposed amended complaint is not prejudicial or

futile.  Story does not address this circuit's precedent governing untimely motions to amend the

pleadings; although she generally argues good cause exists, she does so without citing any authority.

Consequently, the court will independently analyze whether Story demonstrates good cause for

modifying the scheduling order under this circuit's precedent.  If good cause exists, Story must also

satisfy Rule 15(a).  *Johnson*, 975 F.2d at 608.

I.  Proposed Claims.

Story seeks to add two additional claims to her complaint.  Story's first proposed claim

alleges violations of the TCPA, arising from Defendants' use of an automatic dialing system to call

her cellular phone.  Story alleges she was unable to assert TCPA claims before receiving discovery

from Defendants.  Story's second proposed claim alleges violations of the FCRA, stemming from

Defendants' response to a dispute Story filed with a credit reporting agency.  Again, Story states she

was unable to assert FCRA claims before receiving discovery from Defendants.  Story represents that

she received discovery substantiating her proposed claims in late February and early March 2016.

/ / / / /

/ / / / /

II.  Good cause under Rule 16.

Story's motion first requires the court to determine whether good cause exists for modifying the court-ordered deadline for filing amended pleadings.  To show good cause, Story must establish her diligence. *Johnson*, 975 F.2d at 609.  There is no standard formulation for the diligence inquiry. Courts may properly consider a party's diligence at any point in the proceedings, such as "before the deadline for amendments, between the deadline and the motion to amend, between the discovery of new information and the motion to amend, or in all of these time frames." *Aldan v. World Corp.*, 267 F.R.D. 346, 356–57 (D. N. Mar. I. 2010) (collecting cases and concluding that the diligence determination is "case-specific").  The court has "broad discretion" in determining whether good cause is present under the circumstances of an individual case. *C.F. ex rel. Farman v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011), quoting *Johnson*, 975 F.2d at 608.

*A.  Discovery of New Information*

Story primarily argues good cause exists because her proposed claims are based on newly discovered information.  Discovery of new information after the deadline for amended pleadings passes is a potential basis for good cause to modify the scheduling order. *See Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. Civ. S-05-583 LKK/GGH, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006) ("Allowing parties to amend based on information learned through discovery is common and well established" under Rule 16.).  Story represents she did not have sufficient information to allege either claim until she received records allegedly showing autodialed calls to Story's cellular phone and internal records reflecting Midland's response to Story's credit report dispute.  But new information alone is not good cause for modifying a scheduling order.  A party must also show diligence in seeking amendment of the scheduling order. *Aldan*, 267 F.R.D. at

356–57.

Ideally, a party will move to amend within weeks of learning new information. *See Rants v. WHPacific Inc.*, No. C10-5273 RBL, 2010 WL 4622164, at *2 (W.D. Wash. Nov. 4, 2010) (motion filed less than two weeks after learning new information); *Navarro v. Eskanos & Adler*, No. C 06-2231 WHA, 2006 WL 3533039, at *2 (N.D. Cal. Dec. 7, 2006) (motion filed two weeks after learning new information). A longer delay can still be consistent with diligence, depending on the circumstances of the delay. *Aldan*, 267 F.R.D. at 358 (a delay of one-and-a-half months still diligent when delay included winter holidays). Delay based on attempts to avoid "unnecessary time and expense," such as pursuing settlement and avoiding unnecessary motions practice, is consistent with diligence. *Id.* at 358.

Here, Story explains the delay as a result of ongoing settlement negotiations and seeking Defendants' stipulation to amendment. Her three-month delay reflects attempts to conserve judicial resources and promote settlement — the type of conduct endorsed in *Aldan. See id.* During the three months between receiving new information in discovery and moving to amend, Story acted to resolve her claims without unnecessary expense or motions practice. She promptly notified Defendants of her proposed claims, prepared a demand letter Defendants requested, and engaged in protracted negotiations on settlement and stipulation. While a three-month delay might facially indicate a lack of diligence, Story's conduct during those three months shows diligent and judicious prosecution of her case. *Id.* ("[W]hat appears, at first blush on a 'dry' record, to be a lack of diligence, appears, on consideration of the realities of this litigation, to be a more judicious decision about allocating or saving resources.") Story therefore shows good cause for filing an amended complaint after the court-ordered deadline for amended pleadings.

### B. Local Rule 16-3

Story did not address Local Rule 16-3 in her motion. Her general arguments for good cause in her reply nonetheless address the requirements of Local Rule 16-3, specifically: demonstrating good cause, showing "effective use of prior time," recommending a new deadline, and addressing the effects of a new deadline "on other existing deadlines, settings, or schedules." LR 16-3. As discussed above, Story demonstrates good cause for modifying the amended pleadings deadline. Story also shows effective use of prior time — Story has actively prosecuted her case, engaged in discovery, and pursued settlement. She implicitly seeks to extend the amended pleadings deadline to the date of her motion. Finally, Story represents that allowing an amended complaint would not significantly extend the deadline for discovery and dispositive motions. Story therefore meets the requirements of Local Rule 16-3.

In sum, Story shows good cause for modification of the scheduling order. Story sought leave to amend based on new information, and was diligent in seeking stipulation and settlement in the time between receiving new information and moving to amend her complaint. Accordingly, the next issue is whether Story meets the liberal standard for amendment under Rule 15.

### III. Leave to Amend under Rule 15(a).

Defendants also ask the court to deny Story leave to amend under Rule 15(a), arguing the amendments were unduly delayed, prejudicial, and futile. Story contends her motion is proper under Rule 15(a).

### A. Undue Delay

Defendants first argue Story's amendments were unduly delayed because she knew about Defendants' phone calls and her own credit report dispute at the time of filing, but did not include

TCPA or FCRA claims in her original complaint. Story replies that she did not have a sufficient basis for alleging her new claims until she received new information during discovery. Undue delay arises if a party seeks to add a claim known to the party prior to initiating the action. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). Extensive and unjustified delay between learning new information and seeking leave to amend also creates undue delay. *AmerisourceBergen*, 465 F.3d at 952–53. Neither circumstance is present here.

Both of Story's proposed claims stem from information she received during discovery. Alleging new claims based on new information does not cause undue delay, even if some of the facts underlying the new claims were available to Story when she filed her initial complaint. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 669 (D. Colo. 2001) (finding no undue delay where a party waited to add claims until receiving substantiating discovery). Story's delay between learning new information and seeking leave to amend did not create undue delay. *Cf. AmerisourceBergen*, 465 F.3d at 953 (finding fifteen months as undue delay); *Jackson*, 902 F.2d at 1388 (eight-month delay). In any event, Story sufficiently explains her delay. As discussed above, the delay between Story learning new information and moving to amend was due to extended negotiations with Defendants. Story therefore did not unduly delay in moving to amend her complaint.

*B. Prejudice*

Defendants suggest the length of Story's delay alone is prejudicial. The court rejects this argument on the same grounds as Defendants' undue delay argument. Defendants also argue allowing amendment would create prejudice by extending discovery. The need for additional discovery alone does not establish undue prejudice. *Genentech, Inc. v. Abbott Lab.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989). Moreover, the parties continue to seek extensions of the discovery

deadline, most recently to November 14, 2016. The court also extended the dispositive motion deadline to December 14, 2016. Story represents she will likely not seek significantly more discovery based on her proposed claims, as her additional claims relate to the same course of events as her original FDCPA claims. Thus, any need for extending the discovery and dispositive motions deadlines will likely be minimal. Based on these circumstances, Defendants fail to establish prejudice.

### C. Futility

Defendants also argue Story's proposed FCRA claim is futile because it is time-barred.[2] Story contends her FCRA claim is not time-barred because she did not discover her claim until 2016, and in any event her FCRA claim relates back to the original complaint. Under Rule 15(c), a claim added by amendment "relates back to the date of the original pleading" if the new claim "ar[ises] out of the conduct, transaction, or occurrence set out . . . in the original pleading." FED. R. CIV. P. 15(c). An amended claim arises from the same transaction or occurrence as the original complaint if the claim and complaint share "a common nucleus of operative facts." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014), quoting *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989). "Rule 15 does not require that a pleading give notice of the exact scope of the relief sought. . . . So long as a party is notified of litigation concerning a particular transaction or occurrence, that party has been given all the notice that Rule 15 requires." *ASARCO*, 765 F.3d at 1006. Defendants concede Story's FCRA claim would not have been time-barred if asserted in the original complaint, but argue the FCRA claim does not relate back because the original FDCPA claims involve different elements of proof. This argument incorrectly characterizes Rule 15(c).

---

[2] Defendants do not argue Story's TCPA claims are futile.

The relation-back doctrine does not require commonality between the elements of amended and original claims. Story's new claims relate back so long as they arise from events or conduct put at issue in the original pleading — even if the original complaint did not allege claims based on those specific facts. *ASARCO*, 765 F.3d at 1006 (claims relate back even if the original complaint disclaimed liability as to the facts underlying the new claims). Once a plaintiff places specific events or actions at issue, the defendant has notice "that the whole transaction described in it will be fully sifted," potentially uncovering new causes of action. *Martell*, 872 F.2d at 326, quoting *Barthell v. Stamm*, 145 F.2d 487, 491 (5th Cir. 1944). In her original complaint, Story placed at issue Defendants' attempts to collect on the allegedly fraudulent account and their responses to her objections to the validity of the debt. Her new claims — based on aspects of Defendants attempts and responses — relate back to the date of filing. Accordingly, Story's FCRA claim is timely under the relation-back doctrine. The court therefore does not need to determine whether Story's FCRA claim would be timely if filed now.

### D.  Local Rule 15-1

Defendants argue Story did not comply with Local Rule 15-1 because she did not include a "red-lined copy" showing changes to the original complaint or identify added or altered paragraphs. Local Rule 15-1 requires that "any party moving to file an amended . . . pleading must describe the proposed changes." LR 15-1(c). Story explains the factual and legal basis for her proposed amendments in her motion. Local Rule 15-1(c) does not require a red-lined copy or identification of changes by paragraph. Story's motion therefore complied with Local Rule 15-1.

/ / / / /

/ / / / /

Page 10 - OPINION AND ORDER                                                [TJP]

*Conclusion*

For the reasons stated above, Story's motion for leave for file an amended complaint (ECF No. 43) is GRANTED. Story's First Amended Complaint must be filed within 14 days of this decision.

IT IS SO ORDERED.

DATED this 7th day of October, 2016

JOHN V. ACOSTA
United States Magistrate Judge